```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
MINDY MCGLONE,

          Plaintiff,
v.                             Case No. 8:12-cv-2570-T-33AEP

FULL SPECTRUM
TELECOMMUNICATIONS, INC.,

          Defendant.
_____/
```

**ORDER**

This matter is before the Court pursuant to the Joint Motion for Approval of Settlement and for Dismissal With Prejudice (Doc. # 14), filed on May 16, 2013. The Court grants the Motion.

**I.   Background**

Plaintiff Mindy McGlone, a marketing and advertising representative for Full Spectrum Telecommunications, Inc., filed her FLSA action on October 17, 2012, in state court and Defendant Full Spectrum removed the action to this Court on November 13, 2012. (Doc. ## 1, 2). Full Spectrum filed its Answer and Affirmative Defenses on November 20, 2012 (Doc. # 4), and on December 7, 2012, the Court issued its FLSA Scheduling Order. (Doc. # 5).

McGlone filed answers to the Court's interrogatories on December 20, 2012 (Doc. # 6), and on January 4, 2013,

Full Spectrum filed a verified summary of McGlone's hours worked (Doc. # 7). The parties requested a settlement conference before United States Magistrate Judge Anthony E. Porcelli (Doc. # 9), and the Court granted the parties' request on February 27, 2013 (Doc. # 10). The case settled during mediation before Judge Porcelli on April 30, 2013. (Doc. # 12). The parties filed the present Motion for Approval of Settlement and for Dismissal with Prejudice on May 16, 2013. (Doc. # 14).

**II. Analysis**

McGlone alleges that the Defendant violated the terms of the Fair Labor Standards Act. (Doc. # 2). Accordingly, any settlement reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). The parties have reached a settlement wherein it is agreed that McGlone will receive $7,500.00, less applicable withholding amounts, for unpaid wages; $7,500.00 as liquidated damages; and $100.00 for a general release. (Doc. # 14-1 at 2). McGlone's counsel will receive $6,500.00 for attorneys' fees and costs. (Id. at 3).

In the Motion, the parties represent that the attorneys' fees to be paid as part of the resolution of

2

McGlone's claims were agreed upon by the parties separately from the amount to be paid to McGlone. (Doc. # 14 at 3). The parties also provide a copy of the settlement agreement (Doc. # 14-1), as well as a discussion of the issues that they considered in reaching the settlement, and note that their "detailed settlement discussions . . . culminated in a mediation with Magistrate Porcelli." (Doc. # 14 at 3).

Pursuant to Bonetti v. Embarq Management Company, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) and other governing law, the Court approves the compromise reached by the parties in an effort to amicably settle this case.[1] The settlement is fair on its face and represents a reasonable compromise of the parties' dispute. The Court dismisses the case with prejudice.

Accordingly, it is

---

[1] In Bonetti, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." 715 F. Supp. 2d at 1228.

**ORDERED, ADJUDGED** and **DECREED:**

(1) The Joint Motion for Approval of Settlement and for Dismissal With Prejudice (Doc. # 14) is **GRANTED.**

(2) The parties' settlement is approved. This case is dismissed with prejudice.

(3) The Clerk is directed to terminate all pending motions and to **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 17th day of May, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record